IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KHALIL JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PROFESSIONAL PROBATION SERVICES, INC.; SONJALYN JOHNSON, and CLAY COX,<br><br>　　　　Defendants. | Civil Action No. 1:20-cv-01926-LMM-CMS<br><br>JURY TRIAL DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PROFESSIONAL PROBATION SERVICES, INC.

COMES NOW Defendant Professional Probation Services, Inc. ("Defendant"), and for its Answer and Affirmative Defenses to Plaintiff Khalil Johnson's Complaint for Damages, respectfully states as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the burden of proof required to establish liability under

1

42 U.S.C. § 1981 or Title VII of the Civil Rights Act of 1964, as amended, on behalf of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies that it unlawfully discriminated against Plaintiff on the basis of his gender.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies that any adverse employment action allegedly suffered by Plaintiff was motivated, in whole or in part, by Plaintiff's gender.

### FIFTH AFFIRMATIVE DEFENSE

Any act or omission undertaken by Defendant with respect to Plaintiff's employment was based upon legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Defendant denies that it retaliated against Plaintiff for any activity protected by 42 U.S.C. § 1981 or Title VII of the Civil Rights Act of 1964, as amended.

### SEVENTH AFFIRMATIVE DEFENSE

Any adverse employment action that serves as the basis of Plaintiff's claims was based upon factors other than any activity protected under federal law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant avers a lack of causation in defense to Plaintiff's claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because any action taken by Defendant with respect to Plaintiff's employment was not undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

### TENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred to the extent that Plaintiff failed to mitigate his damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of the acts or failures to act of a person or persons or entity or entities other than this Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not directly or proximately caused by any act, error, or omission of this Defendant.

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery.

### ANSWER

### I.   JURISDICTION AND VENUE

1.

Paragraph 1 contains a statement of the nature of the claims made in this case,

to which no response is required. To the extent a response is required, Defendant denies liability to Plaintiff based on any of the claims asserted in this action.

2.

The allegations contained in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that jurisdiction is proper.

3.

Defendant denies that it engaged in unlawful conduct as alleged in Paragraph 3. In further response, Defendant admits that venue is proper.

4.

The allegations contained in Paragraph 4 are admitted.

## II.   PARTIES

5.

Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint; therefore, the same stand denied.

6.

Defendant admits that Plaintiff was its employee. The remaining allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies liability

to Plaintiff on any of the claims asserted in this action.

7.

Defendant admits that it is a State of Georgia for-profit corporation and that it is subject to the jurisdiction of the Court. The remaining allegations contained in Paragraph 7 are denied as phrased.

8.

Defendant admits the allegations of Paragraph 8 of the Complaint.

9.

Defendant admits that it had more than fifty (50) employees in each of the twenty (20) or more calendar weeks in the current or preceding calendar year. The remaining allegations of Paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is subject to Title VII of the Civil Rights Act of 1964, as amended.

10.

Defendant admits that it may be served with process through Shannon Mandel, Registered Agent, 2200 Century Parkway, NE, Suite 800, Atlanta, Georgia 30345. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph; therefore, the same stand denied.

11.

Defendant denies that it engaged in any unlawful conduct. The remaining allegations contained in this paragraph are denied as phrased.

12.

The allegations contained in this Paragraph are denied.

13.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this Paragraph of the Complaint; therefore, the same stand denied.

14.

The allegations contained in this Paragraph are denied as phrased.

15.

The allegations contained in this Paragraph are denied.

### III.   STATEMENT OF FACTS

16.

Defendant incorporates and re-alleges all of its responses and affirmative defenses set forth in Paragraphs 1 through 15 as if set forth fully herein.

17.

The allegations contained in this Paragraph are denied as phrased.

18.

Defendant denies that Plaintiff was unlawfully terminated. The remaining allegations contained in this Paragraph are denied as phrased.

19.

The allegations contained in this Paragraph are denied as phrased.

20.

The allegations contained in this Paragraph are denied.

21.

The allegations contained in this Paragraph are denied.

22.

The allegations contained in this Paragraph are denied.

23.

The allegations contained in this Paragraph are denied.

24.

The allegations contained in this Paragraph are denied.

25.

The allegations contained in this Paragraph are denied.

26.

The allegations contained in this Paragraph are denied.

27.

The allegations contained in this Paragraph are denied.

28.

The allegations contained in this Paragraph are denied.

29.

The allegations contained in this Paragraph are denied.

30.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained in this Paragraph of the Complaint; therefore, the same stand denied.

31.

The allegations contained in this Paragraph are denied.

32.

The allegations contained in this Paragraph are denied.

33.

The allegations contained in this Paragraph are denied.

## IV.   CLAIMS FOR RELIEF

### COUNT ONE
### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII
**(Tangible Employment Action and Hostile Work Environment)**

34.

Defendant incorporates and re-alleges all of its responses and affirmative defenses set forth in Paragraphs 1 through 33 as if set forth fully herein.

35.

The allegations contained in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies liability to Plaintiff based on any of the claims asserted in this action.

36.

Defendant admits that Plaintiff is an African-American male. The remaining allegations contained in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies liability to Plaintiff based on any of the claims asserted in this action.

37.

Defendant admits that Plaintiff was its employee. The remaining allegations contained in this Paragraph are denied as phrased.

38.

The allegations contained in this Paragraph are denied.

39.

The allegations contained in this Paragraph are denied as phrased.

40.

The allegations contained in this Paragraph are denied.

41.

The allegations contained in this Paragraph are denied.

42.

The allegations contained in this Paragraph are denied.

43.

The allegations contained in this Paragraph are denied.

44.

The allegations contained in this Paragraph are denied.

45.

The allegations contained in this Paragraph are denied.

46.

The allegations contained in this Paragraph are denied.

47.

The allegations contained in this Paragraph are denied.

48.

The allegations contained in this Paragraph are denied.

49.

The allegations contained in this Paragraph are denied.

50.

The allegations contained in this Paragraph are denied.

51.

The allegations contained in this Paragraph are denied.

52.

The allegations contained in this Paragraph are denied.

53.

The allegations contained in this Paragraph are denied.

54.

The allegations contained in this Paragraph are denied.

**COUNT TWO**
**RETALIATION IN VIOLATION OF TITLE VII**

55.

Defendant incorporates and re-alleges all of its responses and affirmative defenses set forth in Paragraphs 1 through 54 as if set forth fully herein.

56.

The allegations contained in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies

liability to Plaintiff based on any of the claims asserted in this action.

57.

Defendant admits that Plaintiff is an African-American male. The remaining allegations contained in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies liability to Plaintiff based on any of the claims asserted in this action.

58.

Defendant admits that Plaintiff was its employee. The remaining allegations contained in this Paragraph are denied as phrased.

59.

The allegations contained in this Paragraph are denied.

60.

The allegations contained in this Paragraph are denied as phrased.

61.

The allegations contained in this Paragraph are denied.

62.

The allegations contained in this Paragraph are denied.

63.

The allegations contained in this Paragraph are denied.

64.

The allegations contained in this Paragraph are denied.

65.

The allegations contained in this Paragraph are denied.

66.

The allegations contained in this Paragraph are denied.

67.

The allegations contained in this Paragraph are denied.

68.

The allegations contained in this Paragraph are denied.

69.

The allegations contained in this Paragraph are denied.

70.

The allegations contained in this Paragraph are denied.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA

71.

Defendant incorporates and re-alleges all of its responses and affirmative

defenses set forth in Paragraphs 1 through 70 as if set forth fully herein.

72.

The allegations contained in this Paragraph are denied.

73.

The allegations contained in this Paragraph are denied as phrased.

74.

The allegations contained in this Paragraph are denied.

75.

The allegations contained in this Paragraph are denied.

76.

The allegations contained in this Paragraph are denied.

77.

The allegations contained in this Paragraph are denied.

## COUNT FOUR:
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION IN VIOLATION OF GEORGIA LAW

78.

Defendant incorporates and re-alleges all of its responses and affirmative defenses set forth in Paragraphs 1 through 77 as if set forth fully herein.

79.

The allegations contained in this Paragraph are denied.

80.

The allegations contained in this Paragraph are denied.

81.

The allegations contained in this Paragraph are denied.

82.

The allegations contained in this Paragraph are denied.

83.

The allegations contained in this Paragraph are denied.

84.

The allegations contained in this Paragraph are denied.

85.

The allegations contained in this Paragraph are denied.

Defendant denies all allegations in the "Wherefore" and/or *ad damnum* clauses in the Complaint for Damages. To the extent that there are allegations in the Complaint for Damages that are not specifically admitted herein, Defendant denies those allegations.

Respectfully submitted, this 27th day of May, 2020.

**WILSON, ELSER, MOSKOWITZ, EDELMAN AND DICKER, LLP**

/s/ *Parks K. Stone*_____
Parks K. Stone
Georgia Bar No.: 5547930
Tawana B. Johnson
Georgia Bar No.: 339485

*Counsel for Defendant Professional Probation Services, Inc.*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
(470) 419-6650
(470) 419-6651(Fax)
Parks.Stone@wilsonelser.com
Tawana. Johnson@wilsonelser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KHALIL JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>PROFESSIONAL PROBATION SERVICES, INC.; SONJALYN JOHNSON, and CLAY COX,<br><br>    Defendants. | Civil Action No. 1:20-cv-01926-LMM-CMS<br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by electronically filing the same with the CM/ECF electronic filing system, which will cause a copy of the pleading to be electronically served on the following counsel:

MOLDEN & ASSOCIATES
Regina S. Molden
T. Orlando Pearson
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
rmolden@moldenlaw.com
topearson@moldenlaw.com
*Counsel for Plaintiff*

17

This 27th day of May, 2020.

/s/ *Parks K. Stone*